# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMINIO CESAR CASTRO, an individual, MARIA BONILLA, an individual<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LOS ANGELES POLICE DEPARTMENT, CITY OF LOS ANGELES , LAPD CHIEF OF POLICE CHARLIE BECK, LAPD OFFICER VINCENT ALLARD, LAPD OFFICER ANDREW DINEEN, LAPD OFFICER OAKLEY, LAPD OFFICER LOPEZ, SERGEANT OLSON and DOES 1 through 10, inclusive.<br><br>　　　　　　Defendants | **CASE NO. CV12-6696ODW(MANx)**<br>*Honorable Otis D. Wright, II*<br>*Courtroom 11*<br><br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

　　　Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

///

1. Defendant may designate as confidential the related disclosure of confidential information in writing or other tangible item, a legend, label, or other marking such as "Confidential." Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this Protective Order.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to the further conditions imposed by this Protective Order, Confidential Information may be disclosed only to the following persons:

   (a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries, and other such personnel working under their supervision.

   (b) Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Protective Order, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party, the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing Protective Order. I have read the Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____/s/_____"

5. Upon the final termination of this litigation, including any appeal pertaining

1  thereto, all Confidential Information and all copies thereof shall be returned to the
2  Defendant City of Los Angeles through the City Attorney's Office. If this case, or any
3  portion thereof, is remanded to the Los Angeles County Superior Court, all Confidential
4  Information and all copies thereof shall immediately be returned to counsel for the City
5  of Los Angeles.

6        6.    If any party who receives Confidential Information subsequently receives a
7  subpoena or other request seeking Confidential Information, he, she, or it shall
8  immediately give written notice to the Defendants' counsel, identifying the Confidential
9  Information sought and the time in which production or other disclosure is required, and
10  shall object to the request or subpoena on the grounds of this Protective Order and the
11  stipulation of the parties on which it is based, so as to afford the Defendants an
12  opportunity to obtain an order barring production or other disclosure, or to otherwise
13  respond to the subpoena or other request for production or disclosure of Confidential
14  Material. Other than objecting on the grounds of this Protective Order and the stipulation
15  of the parties on which it is based, no party shall be obligated to seek an order barring
16  production of Confidential Information, which obligation shall be borne by the
17  Defendants. However, in no event should production or disclosure be made without
18  written approval by the Defendants' counsel unless required by court order arising from,
19  *inter alia*, a motion to compel production or disclosure of Confidential Information.

20        7.    (a) Any pleadings, motions, briefs, declarations, stipulations, exhibits, or
21  other written submissions to the Court in this litigation which contain, reflect,
22  incorporate, or refer to Confidential Information shall be submitted with an application
23  for filing under seal in accordance with Local Rules 79-5, et seq. If a document or
24  pleading submitted to the Court, as described in this paragraph, makes only a general
25  reference to any document or information contained therein covered by this Protective
26  Order, but does not quote or describe its contents in any specific way, and does not
27  include the protected document itself, then the party or parties need not file it under seal.
28

(b) Reference to this Protective Order, in and of itself, is wholly insufficient to warrant a filing under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. Accordingly, in connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential Information," or other designation(s) used by the parties, does not **-- without the submission of competent evidence in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable --** constitute good cause.

(c) Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to served the specific interest to be protected. For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositve motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file under seal must be provided by declaration.**

(d) Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

(e) Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, or things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

1   8.   Pursuant to the agreement of the parties, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail, or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

9.   Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence on grounds including, but not limited to, relevance and privilege.

10.   During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Protective Order, or concerning a general area that counsel believes should be covered by the scope of this Protective Order, those witnesses (as identified in Paragraph 3(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this Protective Order.  Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Protective Order.  Any documents deemed confidential pursuant to this Protective Order will be sealed, if they are used as exhibits in any deposition.  This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

11.   This Protective Order survives settlement, trial, and/or appeal.

***IT IS SO ORDERED.***

DATED: May 31, 2013

_____
MARGARET A. NAGLE
UNITED   STATES   MAGISTRATE   JUDGE